UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID D BATTLE JR.,

Plaintiff,

v. Case No. 8:26-cv-03077-WFJ-NHA

AMERICAN EXPRESS COMPANY,
et al.,

Defendants.
_______________________________________/

## REPORT & RECOMMENDATION

Plaintiff David D. Battle, Jr., files a 44-page Complaint bringing at least eleven claims against seven Defendants (Doc. 9). Plaintiff, who is not represented by a lawyer, asks for permission to bring this lawsuit without paying the filing fee. Doc. 2. I recommend Plaintiff's motion to proceed without paying the filing fee be denied without prejudice (meaning that Plaintiff can try again), that his Complaint be dismissed without prejudice, and that he be directed to file an amended complaint and either pay the filing fee or file a renewed motion to proceed without paying the filing fee within 21 days.

### I. Brief Background

Plaintiff incurred debt on a credit card issued by Defendant American Express Company. Comp. (Doc. 1) ¶ 14. Plaintiff alleges American Express

violated the Truth in Lending Act when it failed to acknowledge and resolve billing errors and balance disputes. Comp. (Doc. 1) ¶¶ 114–151. Defendants Transworld Systems Inc., Firstsource Advantage, LLC, and Radius Global Solutions, LLC attempted to collect the debt. Comp. (Doc. 1) ¶ 14. Plaintiff alleges that, in doing so, Transworld, Firstsource, and Radius sent letters (dated from June 25, 2024, through June 23, 2025) that violated the Fair Debt Collection Practices Act. Comp. (Doc. 1) ¶¶ 15–19, 44–52. And, Plaintiff alleges that American Express worked together with Transworld, FirstSource, and Radius in an organized mail fraud scheme. Comp. (Doc. 1) ¶¶ 77–83.

American Express reported information about Plaintiff's debt to credit reporting agencies (including Defendants Experian Information Solutions, Inc., Equifax Information Services, LLC, and TransUnion, LLC) Comp. (Doc. 1) ¶¶ 55. Plaintiff alleges that some of the information American Express reported was inaccurate and, even after Plaintiff disputed it and claimed he was a victim of identity theft, American Express failed to correct it, in violation of the Fair Credit Reporting Act. Comp. (Doc. 1) ¶¶ 53–60. Additionally, Plaintiff alleges that the consumer reporting agencies failed to investigate the information in the reports after he disputed it and disclosed his credit report to third parties in violation of his credit freeze, thereby violating the Fair Credit Reporting Act. Comp. (Doc. 1) ¶¶ 61–76.

In addition to these violations of federal law, which Plaintiff asserts give this Court jurisdiction over his case (Comp. (Doc. 1) ¶ 2), Plaintiff also asserts state law claims, including those for defamation, unjust enrichment, violations of the Florida Consumer Collection Practices Act, violations of the Florida Deceptive and Unfair Trade Practices Act, and common law fraud. Comp. (Doc. 1) ¶¶ 84–113.

## II. Legal Standard

The federal statute that governs the right to bring a lawsuit without pre-paying a filing fee, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Accordingly, the statute permits a litigant to commence an action in federal court "by filing in good faith an affidavit stating . . . that he is unable to pay the costs of the lawsuit." *Id.* "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To that end, section 1915 provides that a court shall dismiss a case if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2)(B). An action is frivolous when a complaint lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325.

Federal courts must hold pro se filings (meaning those papers filed by a party who represents himself) to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). More specifically, a court must "provide[] pro se parties wide latitude when construing their pleadings and papers" and to "use common sense to determine what relief the party desires." *S.E.C. v. Elliot*, 953 F.2d 1560, 1582 (11th Cir. 1992). Nonetheless, courts need not exempt pro se litigants from complying with the requirements imposed by the law and rules of procedure. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

For example, Rule 10 of the Federal Rules of Civil Procedure states: "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." FED. R. CIV. P. 10(b). It further requires that a Plaintiff "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* Additionally, Federal Rule of Civil Procedure 8 requires that a plaintiff describe in a "short and plain statement of the claim" what a defendant did that violated the law. FED. R. CIV. P. 8(a)(2). As stated under the Rule, a

complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The pleading standard in Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). Conclusions and characterizations of conduct are insufficient; a complaint must allege enough *facts* to show that each element of an offense is satisfied. *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008).

Together, Rules 8 and 10 operate to prevent pleadings from becoming "shotgun pleadings." There are four types of "shotgun pleadings:"

> The most common type . . . is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that . . . is . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that [does] not separate[e] into a different count each cause of action or claim for relief. Fourth, and finally, there is . . . asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). The Eleventh Circuit has instructed that a district court "must intervene . . . and order a replead[ing]" of a shotgun complaint, even if the defendant does not move for a more definite statement. *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001).

## III. Analysis

### A. Plaintiff's Motion to Proceed without Paying the Filing Fee is Incomplete

As a threshold matter, Plaintiff's motion to proceed without paying the filing fee is incomplete. Plaintiff fills out a financial affidavit on which he indicates that he earns $298.00 per month in SNAP benefits and is "unable to pay the filing fee without forgoing basic necessities." Doc. 2-1 pp. 2, 5. But Plaintiff fills in "$0.00" as the amount of each of his living expenses (e.g., housing, food). Doc. 2-1 pp. 4–5. Given the inconsistency in the financial affidavit (between being unable to afford the filing fee due to living expenses, and having no living expenses), I recommend that the motion to proceed without paying the filing fee be denied without prejudice, and Plaintiff be given a chance to correct the financial affidavit within 21 days.

B. Plaintiff's Complaint Fails to Comply with Federal Pleading Standards

Plaintiff's Complaint fails to comply with the federal pleading standards because his legal claims are not clear enough to place the Court—and Defendants—on notice of the claims being asserted. Plaintiff includes multiple claims in many of his counts. For example, Count I asserts violations of 15 U.S.C. § 1692d, 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, and 15 U.S.C. § 1692g, each of which prohibits a different action by debt collectors. Similarly, Count II alleges violations of at least four statutory provisions within a single count. And, Count XI is titled "Violations of the Truth in Lending Act" but, in addition to alleging such violations, also includes claims under the Fair Credit Billing Act. Because Plaintiff does not separate into a different count each cause of action, his Complaint is a shotgun pleading that cannot carry his case forward.

The Eleventh Circuit has found that courts should permit litigants proceeding without attorneys the opportunity to amend a deficient complaint before dismissing it pursuant to 28 U.S.C. § 1915 for failure to state a claim. *Troville v. Venz,* 303 F.3d 1256, 1260, n. 5 (11th Cir. 2002). Accordingly, I recommend the Complaint be dismissed without prejudice, and that Plaintiff be given the opportunity to file an Amended Complaint within 21 days.

C. Plaintiff Should Use Caution When Amending His Complaint

Because of the shotgun-style of the Complaint, I am not confident that I correctly understand exactly which claims Plaintiff means to bring against which Defendants. It is also difficult to identify which facts support which claims. However, if I have correctly understood Plaintiff's intended claims, many of the federal claims (upon which this Court's jurisdiction rests) appear to be prohibited by law or unviable as pleaded. I briefly highlight some concerns for Plaintiff's consideration as he amends his Complaint.

To start, Plaintiff brings claims under the Fair Debt Collection Practices Act based on letters dated from June 25, 2024, through June 23, 2025. Comp. (Doc. 1) ¶¶ 15–19, 44–52. But an action under the Fair Debt Collection Practices Act must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Thus, it may be too late for Plaintiff to bring these claims in Court.

Next, in Count II, Plaintiff brings claims under 15 U.S.C. § 168ls-2(a), part of the Fair Credit Reporting Act, against American Express, a "furnisher of information" to credit reporting agencies. But consumers have no private right of action against "furnishers of information" for reporting inaccurate information to Credit Reporting Agencies under § 1681s-2(a); such actions are

left to the state. *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312 (11th Cir. 2018); *see also* § 1681s-2(c)(1), (d).

In Count II, Plaintiff also brings claims under 15 U.S.C. § 168ls-2(a). While consumers do have a private right of action against "furnishers of information" for violating the duty to conduct a reasonable investigation upon notice of dispute under § 1681s-2(b), *Felts*, 893 F.3d at 1312, a plaintiff asserting such a claim must plead certain information. A plaintiff must first allege that a credit reporting agency notified the "furnisher of information" (defendant) that the consumer disputed completeness or accuracy of information. *Peart v. Shippie*, 345 Fed. Appx. 384, 386 (11th Cir. 2009) (citing § 1681s-2(b) to find that a Plaintiff failed to state a claim under the Fair Credit Reporting Act absent facts demonstrating notice from a credit reporting agency directly to the furnisher). Then, the plaintiff must plead facts showing that the "furnisher of information" did not conduct a reasonable investigation because, if it had, it would have discovered that the information was incorrect or incomplete. *Hunt v. JPMorgan Chase Bank, Nat'l Ass'n*, 770 F. App'x 452, 459 (11th Cir. 2019) (finding the district court properly dismissed claims for violations of § 1681s-2(b) because the complaint failed to show that "a reasonable investigation would have revealed that JPMC inaccurately furnished information that Hunt's account was 120 days past due between May

2013 and February 2015."); *Leones v. Rushmore Loan Mgmt. Servs. LLC*, 749 F. App'x 897, 901 (11th Cir. 2018) ("Plaintiff's claims cannot survive a motion to dismiss without some supportable allegation that the reported information is inaccurate or incomplete."). Plaintiff's Complaint, as currently written, lacks the necessary allegations to state such a claim.

In Count III, Plaintiff alleges the credit reporting agencies (Transunion, Equifax, Experian) violated 15 U.S.C. § 1681i(a), part of the Fair Credit Reporting Act. To state a claim for a violation of section 1681i(a) a plaintiff must allege facts showing: (1) the consumer report in dispute contains inaccurate or incomplete information; (2) the plaintiff notified the credit reporting agency of the alleged inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) the credit reporting agency failed to respond or conduct a reasonable reinvestigation of the disputed items; and (5) the failure to reinvestigate caused the plaintiff to suffer out-of-pocket losses or intangible damages (e.g., such as humiliation or mental distress). *Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1320, 1329 (S.D. Fla. 2011). Here, the Court is unable to locate factual allegations within Count III to satisfy all necessary parts of the claim.

In Count IV, Plaintiff brings another Fair Credit Reporting Act claim, alleging that American Express and the credit reporting agencies violated 15

U.S.C. § 1681b by disclosing his credit reports despite him having placed a "security freeze." But it is state law, and not federal law, that requires credit reporting agencies to comply with security freezes. *See* Fla. Stat. § 501.005.

Finally, in Count XI, Plaintiff alleges that American Express violated 15 U.S.C. § 1638 of the Truth in Lending Act, "by failing to disclose the basis for balance increases on a closed, charged-off account." Compl. (Doc. 1) ¶ 117. The Truth In Lending Act imposes "mandatory disclosure requirements on those who extend credit to consumers in the American market." *Mourning v. Fam. Publ'ns. Serv., Inc.*, 411 U.S. 356, 363 (1973). The purpose of the Act is to ensure that consumers can compare available credit offers and avoid uninformed use or billing of credit. 15 U.S.C. § 1601. Section 1637 provides a civil remedy for consumers who suffer damages because of a creditor's failure to comply with the Act's provisions related to "open end credit plans."[1] *Household Credit Services, Inc. v. Pfennig*, 541 U.S. 232, 236 (2004). And, Section 1638 applies to "consumer credit transactions" other than open end credit plans. A credit card account is an open-end credit plan. *Household Credit Servs., Inc. v. Pfennig*, 541 U.S. 232, 235 (2004). Thus, 15 U.S.C. § 1638, under

[1] An open-end credit plan is a plan under which a creditor "reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance." 15 U.S.C. § 1602(j).

which Plaintiff proceeds, does not apply to his American Express credit card. Additionally, pursuant to 15 U.S.C. § 1640(e), a debtor must bring a claim for statutory damages under sections 1637 and 1638 within one year of the date of the disclosure violation. Here, it appears that Plaintiff's claims may not be timely.

## IV. Conclusion

For these reasons, I respectfully recommend that Plaintiff's motion to proceed without pre-paying the filing fee (Doc. 2) be denied without prejudice, that his Complaint be dismissed without prejudice, and that Plaintiff be given an opportunity to, within 21 days, file an Amended Complaint and either pay the filing fee or renew his motion to proceed in forma pauperis.

I further recommend that, at the close of the 21-day period, if Plaintiff has failed to file the amended documents or pay the filing fee, Plaintiff's case be dismissed with prejudice, meaning that Plaintiff would not be allowed to re-open or re-file this lawsuit.

To the extent Plaintiff has questions about this Report and Recommendation, he may find it helpful to make an appointment with Federal Bar Association's Legal Information Program, which provides free consultations to people litigating cases in federal court without lawyers. To set up an appointment, he can visit the Clerk's office, or call the office at 813-301-

5400.

SUBMITTED for consideration on October 16, 2026.

Natalie Hirt Adams
NATALIE HIRT ADAMS
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.